**Ivaylo DIMITROV, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2448–ag.**

United States Court of Appeals, Second Circuit.

May 15, 2008.

Ivaylo Dimitrov, Buffalo, NY, pro se.

Janice K. Redfern, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

mer Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Ivaylo Dimitrov seeks review of a May 30, 2007 order of the Board of Immigration Appeals ("BIA") affirming the March 9, 2007 decision of Immigration Judge ("IJ") Michael Rocco denying Dimitrov's motion to reopen. *In re Ivaylo Dimitrov*, No. A 74 727 162 (B.I.A. May 30, 2007), *aff'g* No. A 74 727 162 (Immig. Ct. Buffalo Mar. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

On May 30, 2007, the BIA, relying on *Matter of T–*, 6 I. & N. Dec. 638 (B.I.A. 1995), affirmed the denial of the motion to reopen in this case in part because, "an alien who goes abroad but is returned to the United States after having been formally denied admission by foreign country to which he intended to proceed is not an applicant for admission, since, in contemplation of law, the alien did not leave the United States." The BIA stated, "[t]he respondent's motion to reopen does not cite any applicable case law that takes a contrary position." On October 15, 2007, we dismissed the petition for review of that decision.

Petitioner argues that this case should be reheard because on July 3, 2007, the BIA issued *Matter of R–D–*, 24 I. & N. Dec. 221 (B.I.A.2007), which, distinguishing *Matter of T–*, held that an alien who, like Dimitrov, "leaves the United States and is admitted to Canada to seek refugee status has made a departure from the United States" and that "[a]n alien returning to the United States after the denial of an application for refugee status in Canada is seeking admission into the United States and is therefore an arriving alien under 8 C.F.R. § 1001.1(q)." *R–D–*, 24 I. & N. Dec. at 221.

The petition for rehearing in this case must be denied because (1) the BIA did not err in determining that the motion to reopen was untimely; (2) we do not have jurisdiction to review the BIA's refusal to reopen a case *sua sponte*, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006); and (3) *R–D–* was decided after the BIA denied the motion to reopen in this case.[2]

For the foregoing reasons, the petition for rehearing is DENIED.

---

2. We note that the government may wish to join petitioner in filing a subsequent motion to reopen with the BIA in light of *R–D–*, in which case the time and numerical limits on motions to reopen would not apply. 8 C.F.R. § 1003.2(c)(3)(iii). Alternatively, the BIA could *sua sponte* reopen this case in light of *R–D–*. Chief Judge Jacobs does not join in this footnote because he considers it to be none of his judicial business.